UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RASHAUN T. NAIR,<br><br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C19-1751JLR<br><br>ORDER GRANTING 28 U.S.C.<br>§ 2255 PETITION TO VACATE,<br>SET ASIDE, OR CORRECT A<br>SENTENCE |

## I. INTRODUCTION

Before the court are: (1) Petitioner Rashaun T. Nair's 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence (Pet. (Dkt. # 1)); and (2) Mr. Nair's motion for release on special conditions pending the outcome of his § 2255 petition (Mot. (Dkt. # 14)). Respondent United States of America ("the Government") opposes both motions. (*See* Pet. Resp. (Dkt. ## 7 (redacted), 9 (sealed)); Mot. Resp. (Dkt. # 15).) The court has reviewed the motions, the parties' submissions filed in support of and in opposition to the

motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Mr. Nair's § 2255 petition and awards habeas corpus relief and DENIES Mr. Nair's motion for release pending the outcome of his § 2255 petition as MOOT.

## II. BACKGROUND

On August 7, 2015, the Government charged Mr. Nair by complaint with one count of Felon in Possession of Ammunition, in violation of 18 U.S.C § 922(g)(1). (CR15-0279JLR Compl. (Dkt. # 1).) The complaint alleges that, on or about May 31, 2006, Mr. Nair had been previously convicted of one felony, Residential Burglary, in King County Superior Court and was "therefore prohibited from possessing firearms and ammunition under federal law." (*Id.* at 2, ¶ 4.)

On August 13, 2015, the Grand Jury returned an indictment against Mr. Nair for one count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). (*See* CR15-0279JLR Indictment (Dkt. # 11).) The indictment recites Mr. Nair's 2005 juvenile conviction for Residential Burglary in King County Superior Court as the predicate felony. (*Id.*) At his arraignment on August 20, 2015, Mr. Nair pleaded not guilty to the charge. (*See* CR15-0279JLR 8/20/15 Min. Entry (Dkt. # 16).)

---

[1] Mr. Nair requests oral argument. (Pet. at 1; Pet. Reply (Dkt. # 12) at 1.) The parties have fully briefed the issues and because the court concludes that Mr. Nair is entitled to § 2255 habeas corpus relief based on the records and legal authorities cited herein, the court does not consider oral argument to be helpful to its disposition of Mr. Nair's petition. *See* Local Rules W.D. Wash. LCR 7(b)(4). Accordingly, the court denies Mr. Nair's request. Further, because the court concludes that the records and files conclusively show that Mr. Nair is entitled to § 2255 relief, the court concludes that there is no need for an evidentiary hearing. In any event, neither Mr. Nair nor the Government request one. (*See generally* Pet.; Pet. Reply; *see also* Pet. Resp. at 13.)

On March 16, 2016, Mr. Nair changed his plea to guilty to count one of the indictment. (*See* CR15-0279JLR Plea Agreement (Dkt. # 25); *see also* CR15-0279JLR 3/16/16 R&R (Dkt. # 26); CR15-0279JLR Order of Acceptance (Dkt. # 27).) Like the indictment, the plea agreement recites Mr. Nair's juvenile conviction for Residential Burglary in King County Superior Court as the predicate felony offense supporting the charge.[2] (CR15-0279JLR Plea Agreement at 3, ¶ 6.a.) The plea agreement sets forth the following elements: "First, the defendant knowingly possessed ammunition; Second, the ammunition had been shipped or transported in interstate commerce or foreign commerce; and Third, at the time the defendant possessed the ammunition, the defendant had been convicted of a crime punishable by imprisonment for term exceeding one year." (*Id.* at 2, ¶ 2.)

Mr. Nair's conviction record for Residential Burglary indicates that Mr. Nair appeared in the Juvenile Department of King County Superior Court for "Disposition" on May 31, 2006, after pleading guilty that same day. (*See* Pet. Ex. 1 (Dkt. # 1-1); *see also* Pet. Resp. Ex. D (Dkt. # 9-1) (sealed).) A King County Superior Court judge sentenced Mr. Nair to 20 days confinement followed by nine months of community supervision. (Pet. Ex. 1 at 3.)[3] The disposition order also notes a "local sanction" range of zero to 30 days. (*Id.*) According to the Juvenile Offender Sentencing Grid, the standard range for

---

[2] Although the statement of facts in the Plea Agreement acknowledges several misdemeanor convictions, the only felony alleged to support the Plea Agreement is Residential Burglary. (*See* CR15-0279JLR Plea Agreement at 3-4.)

[3] The court cites to the page numbers generated by CM/ECF, the court's electronic filing system.

confinement for Mr. Nair was a "Local Sanction" of zero to 30 days in custody. (*See* Pet. Ex. 1; Pet. Ex. 2 (Dkt. # 2-2)); *see also* RCW 13.40.020. Therefore, Mr. Nair's punishment for Residential Burglary did not exceed one year of imprisonment.

On August 17, 2016, this court sentenced Mr. Nair to 12 months and one day in prison followed by three years of supervised release. (*See* CR15-0279JLR Judgment (Dkt. #35).) Mr. Nair's supervised release commenced on July 28, 2017. (Pet. at 5; Resp. at 3.) On November 1, 2019, after an evidentiary hearing, the court revoked Mr. Nair's supervised release based on a finding that the Government had sustained certain violations of his supervised release. (*See* CR15-0279JLR 10/31/19 Min. Entry (Dkt. # 76); CR15-0279JLR 11/1/19 Min. Entry (Dkt. # 80).) Mr. Nair remains in federal custody as of the date of this order.

On October 30, 2019, Mr. Nair filed a 28 U.S.C. § 2255 potion challenging his sentence. (*See generally* Pet.) In his petition, Mr. Nair contends that his conviction and sentence must be vacated for two reasons: (1) because his guilty plea was involuntary under *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), which requires the Government to prove that the defendant knew of his prohibited status at the time he possessed the ammunition identified in the charge ("the *Rehaif* claim"); and (2) because Mr. Nair is actually innocent of the crime of Felon in Possession of Ammunition under two recent Ninth Circuit cases, *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), and *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019) ("the freestanding actual innocence claim").

//

## III. ANALYSIS

**A. Preliminary Matters**

    **1. Timeliness**

The Government concedes that Mr. Nair's *Rehaif* claim is timely because he filed his 28 U.S.C. § 2255 petition within one year of the Supreme Court's *Rehaif* decision. (Pet. Resp. at 7 (citing 28 U.S.C. § 2255(f)(3)).)[4] Section 2255(f)(3) provides that the one-year limitation period for § 2255 motions runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(f)(3).[5] Some courts, however, have concluded that the Supreme Court's decision in *Rehaif* is not retroactively applicable to cases on collateral

---

[4] The Government actually cites 28 U.S.C. § 2255(h)(3). (*See* Resp. at 7.) However, the court assumes that this is typographical error and the Government intended to cite to 28 U.S.C. § 2255(f)(3). There is no Subsection (3) to Section 2255(h). *See* 28 U.S.C. § 2255(h). Further, Section 2255(h) relates to "second or successive motions" and the present motion is Mr. Nair's first habeas petition. Thus, Section 2255(h) is inapplicable to these proceedings.

[5] Section 2255(f) provides that the one-year limitations period for § 2255 petitions runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

review. *See, e.g.*, *United States v. Saenz*, No. 6:00-9, 2020 WL 1321600, at *2 (S.D. Tex. March 17, 2020); *United States v. Benton*, No. CR 3:12-00118, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020). If *Rehaif* is not retroactively applicable to cases on collateral review, the one-year time provision in 28 U.S.C. § 2255(f)(3) would not be applicable to Mr. Nair's claim and his motion would be untimely. Nevertheless, because the Government has waived this argument, the court need not consider it further. *See United States v. Hill*, 915 F.3d 669, 673 n.1 (9th Cir. 2019) ("Because the government does not distinctly argue that [the petitioner's] claim is untimely under the one-year statute of limitations in 28 U.S.C. § 2255(f), it has waived this argument and we do not address it."); *see also Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) ("[T]he one-year statute of limitations for filing motions under § 2255 is not jurisdictional.").

    **2. Procedural Default**

The Supreme Court has strictly limited the circumstances under which a defendant may collaterally attack his guilty plea. *Bousley v. United States*, 523 U.S. 614, 621 (1998). "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* (citations omitted). Mr. Nair never challenged the voluntariness or intelligence of his plea at his sentencing or on direct appeal, and so his 28 U.S.C. § 2255 petition is procedurally defaulted.

Mr. Nair may overcome his procedural default in either one of two ways: (1) by showing both cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, *see United States v. Frady*, 456 U.S. 152, 168 (1982); or (2) by demonstrating his actual innocence, *Bousley*, 523 U.S. at 623. "To establish

actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quotations and citations omitted). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citations omitted). One way for a defendant to "demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged offense." *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014).

As Mr. Nair argues—and the Government admits—the recent Ninth Circuit decisions in *Valencia-Mendoza*, 912 F.3d at 1217-19, and *McAdory*, 935 F.3d at 842-43, taken together, hold that to convict a defendant of being a felon-in-possession under 28 U.S.C. § 922(g)(1), where the defendant's predicate conviction is from Washington State, the Government must show that the top end of the defendant's state sentencing range (or his actual sentence) exceeded one year. (*See* Resp. at 10; Pet. at 7-8.) This is so because, due to the nature of Washington's mandatory guidelines system, it is the guidelines range (or actual sentence) which establishes whether the predicate conviction was a crime "punishable by a term of imprisonment exceeding one year" within the meaning of 28 U.S.C. § 922(g)(1). *See Valencia-Mendoza*, 912 F.3d at 1219; *McAdory*, 935 F.3d at 843-44. Here, neither Mr. Nair's guideline range nor his actual sentence for his residential burglary conviction exceeded one year. *See supra* § II. As a result, *Valencia-Mendoza* and *McAdory* compel the conclusion that Mr. Nair is actually innocent of his 28 U.S.C. § 922(g)(1) conviction in 2016. Thus, the Government concedes, and the court agrees, that Mr. Nair's demonstration of actual innocence is sufficient to excuse

the procedural default of his *Rehaif* claim. (*See* Resp. at 10 ("*Valencia-Mendoza* and *McAdory* compel the conclusion that [Mr. Nair] is innocent of his Section 922(g)(1) conviction, which . . . is sufficient to excuse [Mr. Nair's] default of his challenge to the intelligence of his plea in light of *Rehaif*.").

**B.     The *Rehaif* Claim**

In *Rehaif*, the Supreme Court overruled longstanding precedent from the Ninth Circuit—and every other circuit that had addressed the issue—concerning the scope of 18 U.S.C. § 922(g)(1). *See* 139 S. Ct. at 2199. The Supreme Court held that § 922(g)(1) authorizes imprisonment for up to ten years, if a person "knowingly" violates a separate statutory provision listing nine categories of individuals who cannot lawfully possess firearms. *See* 18 U.S.C. § 922(g)(1). The Supreme Court held that § 922(g)(1) requires that the individual know not only that he possessed a firearm, but also that he belonged to one of the listed categories when he possessed the firearm. *See Rehaif*, 139 S. Ct. at 2194 (holding that "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."). Before *Rehaif*, the Government could secure a felon-in-possession conviction by proving that the defendant knowingly possessed a firearm, even if the defendant did not know that he had been convicted of a felony—defined under the statute as a crime punishable by more than one year in prison—or was otherwise within a category of persons who cannot legally possess a firearm. *See United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) (citing *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997) (holding that the knowledge requirement "only applies to the possession element of § 922(g)(1), not to . . . felon

status.")).  After the Supreme Court's decision in *Rehaif*, the Government must "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.

Mr. Nair pleaded guilty to violation of 18 U.S.C. § 922(g) in 2016 (*see* CR15-0279JLR Plea Agreement)—more than three years before the Supreme Court decided *Rehaif*.  As a result, no one involved in Mr. Nair's criminal proceedings correctly understood the elements of the offense to which Mr. Nair pleaded guilty.  No one informed Mr. Nair—either in his plea agreement or at his change of plea hearing—that a violation of § 922(g) required proof that he knew he had been convicted of a crime punishable by more than one year at the time he possessed the ammunition.  (*See* CR15-0279JLR Plea Agreement; *see* Pet. Ex. 3 (Dkt. # 1-3) (attaching copy of the 3/16/16 Plea Hearing) at 17:1-22).)[6]  Mr. Nair argues that because he was not advised of

---

[6] The court cites the page number generated by CM/ECF, the court's electronic filing system.  The colloquy at the March 16, 2016, plea hearing concerning the elements of § 922(g) was as follows:

> THE COURT:  . . . I'm going to ask the [A]ssistant United States [A]ttorney to review the essential elements of the offense.  These are the legal requirements that the United States would have to prove if your case went to trial, and they're set out in Section 2 of your written plea agreement.
>
> MR. MIYAKE:  Your Honor, there are three elements that we would have to prove.  The first is that the defendant knowingly possessed ammunition, the second is that the ammunition had been shipped or transported in interstate or foreign commerce, and the third is that at the time the defendant possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.
>
> THE COURT:  Mr. Leonard, do you disagree in any respect with the summary of the essential elements?

the true nature of the charge to which he pleaded guilty, his plea is "constitutionally invalid" and cannot stand. (Pet. at 6 (citing *Bousley*, 523 U.S. at 619).)

"'[R]eal notice of the true nature of the charge against [a defendant is] the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). This requirement serves two functions. First, "a defendant's admission of criminal culpability is not meaningful unless the defendant understands the crime to which he is confessing." *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002). Second, understanding what the government must prove if the defendant chooses to go to trial permits "the defendant to make an intelligent judgment as to whether he would be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt." *Id*.

In *Henderson v. Morgan*, 426 U.S. 637 (1976), the Supreme Court vacated a guilty plea to a charge of second-degree murder because the petitioner had not received adequate notice of the intent element of the crime. Focusing on the principle that a defendant is entitled to "real notice of the true nature of the charge against him," *id*. at 641 (quoting *Smith*, 312 U.S. at 334), the Supreme Court examined the entire record to

---

MR. LEONARD: I do not.

THE COURT: Mr. Nair, do you understand that if your case went to trial the United States would be required to present evidence sufficient to prove each of these elements beyond a reasonable doubt?

MR. NAIR: I do, Your Honor.

(Pet. Ex. 3 at 17:1-22.)

determine whether the petitioner had been made aware of the intent element, either explicitly or implicitly, prior to entry of his plea. As there was a lower court finding that neither the petitioner's attorney nor the court informed the petitioner that intent to cause the death of his victim was an element of the offense, the Supreme Court proceeded to examine whether the petitioner had been made aware of the intent element through other means, such as a plea colloquy, stipulation, or an indictment. *See id.* at 645-46. Finding no such evidence, the Supreme Court set aside the conviction, concluding that a plea made under such circumstances could not be deemed a voluntary and intelligent admission that the petitioner had committed the crime, and that a conviction following such a plea violated a defendant's due process rights. *See id.* at 645-47. Mr. Nair relies on the foregoing authority to argue that he is entitled to habeas corpus relief and the vacation of his sentence based on his *Rehaif* claim.

The Government does not dispute that Mr. Nair was never told that knowledge of status was an element of an offense under 18 U.S.C. § 922(g)(1) as the Supreme Court held in *Rehaif* and as the controlling precedent in *Bousley* and *Henderson* require (*see generally* Pet. Resp.); nor does the Government deny that it could not prosecute Mr. Nair for a violation of 18 U.S.C. § 922(g)(1) today (*see id.* at 13 ("[I]t is true that, were [Mr. Nair] to be charged today with violating Section 922(g)(1) based on his prior residential burglary conviction, the [G]overnment would not be able to convict him.").) Instead, the Government argues that the failure to inform Mr. Nair of the knowledge element of the crime to which he pleaded guilty "was harmless because the evidence shows that, at the time he entered his plea, [Mr. Nair] knew he had a prior conviction that was punishable

by imprisonment for more than one year" (*id.* at 11), and at the time, his conviction for residential burglary would have qualified as a predicate offence for purposes of a conviction under 18 U.S.C. § 922(g)(1) (*id.* at 12 (citing *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005))). Thus, the Government argues that, at the time Mr. Nair pleaded guilty, he "knowingly admitted to all the elements" of 18 U.S.C. § 922(g)(1), and thus he made his plea knowingly and intelligently. (Pet. Resp. at 12.) The Government argues that Mr. Nair's petition is actually based on a "*combination* of *Rehaif* and the Ninth Circuit's decisions in *Valencia-Mendoza* and *McAdory*," and that any claim predicated on the Ninth Circuit decisions is time-barred by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1). (*Id.*) Thus, the Government contends that the court should deny Mr. Nair's petition.

The court is not persuaded by the Government's response. First, to demonstrate harmlessness, the Government relies on nonbinding district court orders that are based on an entirely different line of cases—namely, the omission of elements in jury instructions at jury trials, under a plain error standard of review, where the facts going to the element may be proved incidentally in the course of the trial. (*See* Pet. Resp. at 11 (citing *United States v. Dollison*, No. 3:18-CR-00066-SLG, 2019 WL 5653197, at *2-*3 (D. Alaska Oct. 31, 2019) (holding that under *Neder v. United States*, 527 U.S. 1, 9 (1999), trial stipulations regarding the defendants' prior felony convictions rendered the omission of the *mens rea* element in jury instructions harmless where felony status could be confirmed by taking judicial notice of prior federal prison sentences of 96 and 120 months), and *United States v. Gear*, No. CR 17-000742 SOM, 2019 WL 4396139, at

*5-*7 (D. Haw. Sept. 13, 2019) (relying on *Neder*, 527 U.S. at 15, in denying a motion for a new trial where evidence at the trial established that the defendant knew he had entered the United States under an H-1B visa)).) As Mr. Nair points out, although a claim that a defendant's guilty plea was not made intelligently and voluntarily is also subject to a harmless error analysis, that analysis is quite different in guilty plea cases. *See Henderson*, 426 U.S. at 645. Instead of asking, as the Supreme Court does in *Neder*, whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error," 526 U.S. at 18, the harmlessness query in guilty plea cases is not at all concerned with the quantum of proof—even if "the prosecutor ha[s] overwhelming evidence of guilt available," *see Henderson*, 426 U.S. at 644.

In *Henderson*, the Supreme Court held that even if that were the case, "such a plea cannot support a judgment of guilty unless . . . the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Id.* at 644-45 (quoting *Smith*, 312 U.S. at 334). Harmlessness in a guilty plea case, therefore, focuses on whether the defendant was in fact informed of the missing element through some other means. *Id.* at 646. The Government does not argue that any aspect of the plea proceeding conveyed the requirement that the Government must prove the defendant's knowledge of his status in an 18 U.S.C. § 922(g)(1) prosecution, and that requirement was not, in fact, conveyed to Mr. Nair. *See supra* §§ II, III.A.2. Thus, the Government's argument that the violation "was harmless because the evidence shows that, at the time he entered his plea, [Mr. Nair] knew he had a prior conviction that was punishable by imprisonment for more than

one year" (*see* Resp. at 11), is based entirely on a misapprehension of the harmlessness analysis in guilty plea cases.[7]

Further, even if the harmlessness question was focused on evidence of Mr. Nair's guilt, as the Government contends, Mr. Nair was, in fact, not guilty when he pleaded guilty in 2016 because the Ninth Circuit's decisions in *McAdory* and *Valencia-Mendoza* are retroactive. Ordinarily, statutory interpretation cases are "fully retroactive because they do not change the law, but rather explain what the law has always meant." *See United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014) (quoting *United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107 (10th Cir. 2005)); *see also Rivers v. Roadway Express Inc.*, 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.")); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1188-89 (9th Cir. 2011) ("New substantive rules generally apply retroactively," including "decisions that narrow the scope of a criminal statute by interpreting its terms.") (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)). Thus, *McAdory* and *Valencia-Mendoza* explain the meaning of the phrase "punishable by a term of imprisonment exceeding one year" in 18 U.S.C. § 922(g)(1) even as it existed in 2016.

---

[7] The court is also not convinced by the Government's argument that state warnings about state prohibitions on the possession of firearms and his conviction of crimes considered by the state to be "felonies" informed Mr. Nair that his prior conviction qualified as a federal felony under the distinct definition found in 18 U.S.C. § 922(g) that his predicate offense was "punishable by imprisonment for a term exceeding one year." (*See* Pet. Resp. at 12, *see also* Pet. Resp. Ex. G (Dkt. # 9-4) ("Pursuant to RCW 9.41.047, RCW 9.41.040, and RCW 9.41.010, you are ineligible to possess a firearm unless your right to do so is restored by a court of record."); Pet. Resp. Ex. D (Dkt. # 9-1) at 4 (citing RCW 9.41.040(1) as the source of the state firearm prohibition).)

This principle is particularly applicable here because both *McAdory* and *Valencia-Mendoza* are based on two Supreme Court cases, *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013)—both of which were decided prior to Mr. Nair's 2016 plea. In *Valencia-Mendoza*, the Ninth Circuit recognizes that *Murillo*, 422 F.3d 1152, which the Government maintains was the law at the time of Mr. Nair's guilty plea (*see* Resp. at 12), was "irreconcilable with *Carachuri-Rosendo* and *Moncrieffe* and must be overruled." *Valencia-Mendoza*, 912 F.3d at 1222; *see also McAdory*, 953 F.3d at 843 ("[W]e are bound by our decision in *Valencia-Mendoza* to overturn *Murillo* as resting on an interpretation of the phrase 'punishable by' that is incompatible with Supreme Court case law."). *Murillo* was just as irreconcilable with Supreme Court precedent in 2016 when Mr. Nair pleaded guilty. Thus, binding United States Supreme Court precedent existing at the time of Mr. Nair's guilty plea rendered him not guilty of the offense and was irreconcilable with the authority the Government relies upon as demonstrating Mr. Nair's guilt.

Based on the foregoing analysis, the court concludes that the constitutional violation at issue here was not harmless, and accordingly, the court grants Mr. Nair's 28 U.S.C. § 2255 petition and vacates his conviction and sentence.

**C.     The Freestanding Actual Innocence Claim**

Mr. Nair also argues that he is entitled to relief under 28 U.S.C. § 2255 based on his freestanding claim actual innocence based on *Valencia-Mendoza* and *McAdory*. (*See* Pet. at 7-9; Pet. Reply at 7-9.) Mr. Nair acknowledges that neither the Ninth Circuit nor the Supreme Court has decided whether freestanding actual innocence claims are

cognizable under 28 U.S.C. § 2255. (Pet. Reply at 7-8.) The court agrees with Mr. Nair that "[i]f any claim of actual innocence is cognizable under 28 U.S.C. § 2255, then Mr. Nair's factually uncontested claim should be." (*See id.* at 8.) However, because the court concludes that Mr. Nair is entitled to relief under his *Rehaif* claim, *see supra* § III.B., the court need not decide whether he is also entitled to relief based on his freestanding claim of actual innocence and declines to do so.

## IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS Mr. Nair's 28 U.S.C. § 2255 petition to vacate, set aside, or correct a sentence (Dkt. # 1) and DENIES as MOOT Mr. Nair's motion for release on special conditions pending the outcome of his § 2255 petition (Dkt. # 14). In addition, the court ORDERS that:

1. The judgment imposed on August 17, 2016, in CR15-0279JLR (W.D. Wash.), Dkt. # 35, is hereby VACATED;

2. The plea of guilty entered on March 31, 2016, in CR15-0279JLR (W.D. Wash.) Dkt. # 27, in accordance with the plea agreement, Dkt. # 25, is hereby WITHDRAWN;

3. The indictment in CR15-0279JLR (W.D. Wash.), Dkt. # 11, is DISMISSED WITH PREJUDICE; and

//

//

//

//

//

4. The order revoking supervised release and remanding Mr. Nair to custody on November 1, 2019, in CR15-0279JLR (W.D. Wash.), Dkt. # 80, is hereby VACATED.

Dated this 30th day of March, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge